# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

CHARISSE I. MILLER,

    Plaintiff,                           :          Case No. 2:19-cv-2965

    -vs-                                    Judge Sarah D. Morrison
                                         Magistrate Judge Elizabeth Preston Deavers

SOCIAL SECURITY ADMINISTRATION,
                                         :
    Defendant.

## OPINION AND ORDER

This matter is before the Court upon Defendant Social Security Administration's Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and for failure to state a claim (ECF No. 3). For the reasons that follow, the Court **GRANTS** Defendant's Motion and **DISMISSES** Plaintiff's Complaint.

## I. FACTUAL ALLEGATIONS

On June 11, 2019, Plaintiff Charisse Miller filed a *pro se* complaint in the Court of Common Pleas in Franklin County against the "Social Security Office" that alleged "svereal bypolo disorder." (ECF No. 1-1). Plaintiff sought damages in the amount of "90 million once a mon[th]." (*Id.*). On July 9, 2019, Defendant Social Security Administration removed the case to this Court pursuant to 28 U.S.C. §§ 1442 and 1446. (ECF No. 1). On July 16, 2019, Defendant moved to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (ECF No. 3). Plaintiff did not respond. Defendant's Motion to Dismiss is now ripe for review.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d, 471, 476 (6th Cir. 2007). However, "*[p]ro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be construed liberally." *Garrett v. Belmont Cnty. Sheriff's Dept.*, 374 Fed. Appx. 612, 614 (6th Cir. 2010) (internal quotations omitted).

## III. ANALYSIS

In its entirety, Plaintiff's Complaint states "svereal bypolo disorder." (ECF No. 2). Even if the Court liberally construes Plaintiff's Complaint as containing an allegation that Plaintiff suffers from severe bipolar disorder and the Court takes that allegation as true, there is no viable claim for relief articulated. And Plaintiff's *pro se* litigant status does not require the Court to conjure up claims on her behalf. *Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir. 2001).

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint is **GRANTED.** (ECF No. 3). The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

 /s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE